

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TWALIA L. NELSON,                §
                                 §
         Plaintiff,              §
                                 §
VS.                              §    NO. 4:17-CV-298-A
                                 §
WELLS FARGO BANK, N.A.,          §
                                 §
         Defendant.              §

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Wells Fargo Bank, N.A., to dismiss. Plaintiff, Twalia L. Nelson, has failed to respond to the motion, which is ripe for ruling. The court, having considered the motion, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On March 3, 2017, plaintiff filed her original petition and application for temporary restraining order in the 141st Judicial District Court of Tarrant County, Texas. Doc.[1] 1. On that date, the state court signed a temporary restraining order prohibiting defendant from conducting a foreclosure sale with respect to the property at issue. Doc. 1-8. Defendant was served on March 8, 2017, and, on April 7, 2017, filed its notice of removal, bringing the action before this court. Doc. 1.

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

By order signed May 9, 2017, the court ordered the parties to replead consistent with the pleading requirements of the Federal Rules of Civil Procedure. Doc. 7. The order specifically pointed out the need for plaintiff to pay particular attention to Fed. R. Civ. P. 8(a), as explained and clarified by the Supreme Court in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009). Doc. 7 at 2, n.2.

On May 23, 2017, plaintiff filed her amended complaint. Doc. 8. After receiving extensions of time in which to respond, Docs. 10 & 12, defendant filed its motion to dismiss. Doc. 13.

II.

## Grounds of the Motion

Defendant says that plaintiff has not stated any plausible claim for relief and requests that plaintiff's amended complaint be dismissed with prejudice.

III.

## Applicable Pleading Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests,"

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites.

Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A.  Texas Property Code

Plaintiff's first cause of action is for violation of section 51.002(d) of the Texas Property Code. Doc. 8 at 3. Plaintiff says that defendant did not send her the required notice of default at least twenty days prior to the notice of foreclosure sale. That section of the Property Code, however, does not provide plaintiff with a private right of action. Palomino v. Wells Fargo Bank, N.A., No. 6:15-CV-375-RWS-KNM, 2017 WL 989300, at *3 (E.D. Tex. Feb. 17, 2017), report and recommendation adopted, 2017 WL 978930 (E.D. Tex. Mar. 14, 2017); Carey v. Wells Fargo, N.A., No. H-15-1666, 2016 WL 4246997, at *2-3 (S.D. Tex. Aug. 11, 2016).

Courts have construed claims for violation of Tex. Prop. Code § 51.002 as claims for wrongful foreclosure. Carey, 2016 WL 4246997, at *3. To state a claim for wrongful foreclosure, a plaintiff must plead (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate sales price; and (3) a causal connection between the defect and the grossly inadequate sales price. Martins v. BAC Home Loans Servicing, L.P., 722 F.3d

249, 253-56 (5th Cir. 2013). Under Texas law, a grossly inadequate sales price must be such as to shock a correct mind. Id. at 256. Here, the record reflects that plaintiff obtained a temporary restraining order preventing the foreclosure sale from taking place. Thus, plaintiff cannot be asserting a wrongful foreclosure claim.

B.  Breach of Contract

To state a claim for breach of contract, plaintiff must plead: (1) the existence of a valid contract; (2) performance or tendered performance by plaintiff; (3) breach of contract by defendant; and (4) damages sustained by plaintiff as a result of defendant's breach. Sport Supply Group, Inc. v. Columbia Cas. Co., 335 F.3d 453, 465 (5th Cir. 2003). A plaintiff who is herself in default, as plaintiff admits is the case here, Doc. 8 at 2, ¶ 7, cannot maintain an action for breach of contract. Villarreal v. Wells Fargo Bank, N.A., 814 F.3d 763, 767 (5th Cir. 2016).

C.  Texas Debt Collection Act[2]

Plaintiff asserts that defendant violated section 392.304(a)(8) of the Texas Finance Code by "not applying Plaintiff payment thereby representing an incorrect amount due on Plaintiff's loan." Doc. 8 at 4, ¶ 19. Plaintiff has not pleaded

---

[2]Chapter 392 of the Texas Finance Code is titled "Debt Collection."

that defendant was engaged in debt collection as that term is defined in Tex. Fin. Code § 392.001(5). Rather, it appears that the act about which plaintiff complains was in response to an inquiry made by plaintiff. In any event, the court cannot determine the amount defendant says is actually owed from what plaintiff claims is the true amount. Plaintiff's conjecture is insufficient to state a claim, even assuming that defendant made a misrepresentation in connection with debt collection activities. Brooks v. Ocwen Loan Servicing, L.L.C., No. H-12-1410, 2012 WL 3069937, at *6 (S.D. Tex. July 27, 2012); Smallwood v Bank of Am., No. 3:11-CV-1283-D, 2012 WL 32654, at *3 (N.D. Tex. Jan. 6, 2012).

D.  RESPA

Finally, plaintiff asserts a claim against defendant for violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601-17, ("RESPA"). Specifically, plaintiff says defendant violated section 2605(e) by failing to timely acknowledge and respond to plaintiff's written notice of error and request for information. Doc. 8 at 5, ¶ 23. However, in order to recover for a RESPA violation, plaintiff must allege that she suffered actual damages as a result of the alleged violation, which she has not done. Smith v. JPMorgan Chase Bank, N.A., 519 F. App'x 861, 864 (5th Cir. 2013); Kareem v. Am. Home Mortgage Servicing, Inc., 479

F. App'x 619, 620 (5th Cir. 2012). Plaintiff has not even alleged any facts giving rise to a reasonable inference that she suffered actual damages from the alleged RESPA violation. Hurd v. BAC Home Loans Servicing, L.P., 880 F. Supp. 2d 747, 768 (N.D. Tex. 2012). Nor does it appear that she could, given that plaintiff alleges that she sent her qualified written request on the very day she filed her lawsuit. Doc. 8 at 2, ¶ 10.

E. Dismissal

Defendant urges that dismissal with prejudice is appropriate. The court agrees. Plaintiff has already had an opportunity to amend her complaint and presumably to state the best case she could. As noted, the court specifically cautioned plaintiff that in filing her amended complaint, she should take into account the pleading requirements recited supra. Moreover, plaintiff has made no response to the motion. Nor has she requested leave to amend. The court is satisfied that no purpose would be served by allowing an amendment at this point as it appears that any amendment would be futile. Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co., 195 F.3d 765, 771 (5th Cir. 1999).

V.

Order

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that plaintiff's claims be, and are hereby, dismissed with prejudice.

SIGNED August 7, 2017.

_____
JOHN McBRYDE
United States District Judge